<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH BANKS, | : | Civil No. 03-2058 (DMC) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| TERRANCE MOORE, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> KENNETH BANKS, #861069B
> Northern State Prison
> 168 Frontage Road
> Newark, New Jersey  07114
> Petitioner <u>pro se</u>
>
> BARBARA A. ROSENKRANS, Special Deputy Attorney General
> ESSEX COUNTY PROSECUTOR
> Essex County Courts Building
> Newark, New Jersey  07102
> Attorneys for Respondents

<u>CAVANAUGH</u>, District Judge

Kenneth Banks filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a).  Respondents filed an Answer, with relevant portions of the state court record, arguing

that the Petition should be dismissed on the merits.  Petitioner filed a Reply to the Answer.  For

the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue

a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

# I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on March 1, 1996, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of robbery, aggravated assault, unlawful possession of a handgun, and possession of a handgun for an unlawful purpose.  The Law Division granted the State's motion for the imposition of an extended term as a persistent offender and sentenced Petitioner to a 25-year term of imprisonment, with a 12.5-year period of parole ineligibility, on the robbery conviction and a concurrent five-year term on the possession of a handgun conviction.  The court merged the aggravated assault and possession of a weapon for an unlawful purpose convictions.  Petitioner appealed, and in an opinion filed August 27, 1997, the Appellate Division of the Superior Court of New Jersey affirmed.  On January 22, 1998, the Supreme Court of New Jersey denied certification.  State v. Banks, 152 N.J. 364 (1998) (table).

On July 16, 1998, Petitioner filed a pro se petition for post conviction relief in the Law Division.  After conducting an evidentiary hearing, by order filed May 12, 2000, the Law Division granted relief, finding violation of Petitioner's right to the effective assistance of counsel.  After granting the State's motion for leave to appeal, on February 9, 2001, the Appellate Division reversed, with one judge dissenting.  State v. Banks, 349 N.J. Super. 234 (App. Div. 2001).  Petitioner appealed as of right, and on March 26, 2002, the Supreme Court of New Jersey affirmed, with one justice dissenting.  State v. Banks, 171 N.J. 466 (2002).

Petitioner executed the Petition which is now before the Court on December 23, 2002. The Clerk did not receive it until May 5, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act

("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000). The Petition presents four grounds. The State filed an Answer seeking dismissal of the Petition, arguing that none of the grounds asserted satisfies the standard for habeas relief. Petitioner filed a Reply.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. <u>See</u> 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); <u>accord</u> <u>Barry v. Bergen County Probation Dept.</u>, 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, §

2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1]  Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2]  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87,

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to  consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

90 (3d Cir. 1996).  Federal courts "must presume that the factual findings of both state trial and

appellate courts are correct, a presumption that can only be overcome on the basis of clear and

convincing evidence to the contrary."  Stevens v. Delaware Correctional Center, 295 F.3d 361,

368 (3d Cir. 2002).  Where a federal claim was "adjudicated on the merits" [3] in state court

proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal Law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the

governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are

materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a

[different] result."  Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v.

Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if

the state court identifies the correct governing legal principle from th[e Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams,

---

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."  Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  Rompilla, 355 F.3d at 247.

529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III.  DISCUSSION

A.  Instructions

In Ground Two, Petitioner contends that the failure to instruct the jury on the law of out-of-court identification violated due process. Specifically, he asserts:

> Ground Two:  Petitioner was denied due process when trial court admitted out of court identification evidence without properly instructing the jury on the law of out-of-court identification. Counsel failed to object.

> Supporting FACTS:  Trial court should have instructed the jury on the out-of-court identification cause there was contradicted information concerning Carter's identification of the petitioner. Counsel also showed ineffectiveness by not objecting to the jury charge.

(Pet. ¶ 12.B.)

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions . . . must include particular provisions" or demonstrate that the instructions "deprived him of a defense which federal law provided to him." Johnson v.

6

Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  This is because district courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it" Id.[4]  As Petitioner does not show that the failure to instruct was contrary to or involved an unreasonable application of Supreme Court precedent, habeas relief on Ground Two is not warranted.

B.  Prosecutorial Misconduct

In Ground Three, Petitioner contends that the prosecutor's comment during summation violated his right to remain silent.  Specifically, he asserts:

> Ground Three:  Prosecutor's comment on summation violated petitioner right to remain silent.
>
> Supporting FACTS:  Suzette Carter testified that she was robbed at gunpoint.  She identified the defendant as the perpetrator.  During summation, the State argued to the jury, you haven't heard two stories, making inference that the defendant never told his story cause of guilt.  Reason being he didn't testify.

(Pet. ¶ 12.C.)

The record shows that Petitioner's trial attorney made the following argument in his closing statement:

> Now, I have raised a number of issues. I've raised other questions. It's the State's obligation to convince you beyond a reasonable doubt. You've heard two stories, specifically. I couldn't have done it, I was some place else and, of course, the State's version. Is it possible that the defendant committed this crime? Of course it is, absolutely. Is it also possible that Ms. Carter has misidentified Kenneth Banks as the person who robbed

---

[4] See also Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"); Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir. 1992).

> her? Well, I say to you, yes, it is also possible. How do you
> know? We have two stories, two sides, two versions. I don't have
> to convince you he's not the guy. I don't have to bring in
> somebody else and say this is the guy who did it. The State has to
> convince you beyond a reasonable doubt. That's what it's all about
> when we talk about the burden of proof. You heard two stories and
> now you have to go into the jury room and say to yourselves I
> really don't know, I think the State has failed in their burden of
> proof. When you find yourselves in that position and you don't
> know what story or version to believe, it could have been this way,
> it could have been that way . . . .

(Trial Tr. 103-18 to 104-11, State v. Banks, Ind. No. 95-9-2996 (Essex County, Law Div. Feb. 6,

1996)).

The prosecutor responded to defense counsel's "two stories" argument at the beginning of

his closing argument:

> Counsel has just given you his summation, his closing argument.
> I think he kind of summed up by saying you've heard two stories
> here. You haven't heard two stories here. You haven't heard two
> stories here - -

(Id. Tr. 105-11 to 105-14.) At this point, defense counsel objected and the trial court called the

attorneys to sidebar where defense counsel raised the question of Petitioner's Fifth Amendment

privilege. The trial court considered the objection and permitted the prosecution to continue:

> As I was saying, the defendant's attorney said you heard two
> stories here today. The truth and the fact of the matter is you only
> heard one story, but from all the witnesses you heard the story is
> the same. Even the witnesses that the defendant called to the
> witness stand don't contradict the story, the version, the facts that
> you've heard from the witnesses that the State has called, that I've
> called . . . So you've only heard one version of what happened . . . .

(Id. 107-2 to 107-8, 107-19.)



Petitioner raised the Fifth Amendment claim on direct appeal. The Appellate Division rejected the claim, finding that it was "without sufficient merit to warrant discussion in a written opinion." State v. Banks, No. A-5089-95T4 slip op. at 5 (App. Div. Aug. 27, 1997).

Prosecutorial misconduct may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Where "specific guarantees of the Bill of Rights are involved, [the Supreme] Court has taken special care to assure that prosecutorial misconduct in no way impermissibly infringes them." Id. at 642.

The Fifth Amendment prevents a person from being "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Petitioner's claim is based on Griffin v. State of California, 380 U.S. 609, 611 (1965). In Griffin, the defendant was convicted of first degree murder after the prosecution had stated in summation that the defendant was the only person who could provide information as to certain details relating to the murder and yet defendant had "'not seen fit to take the stand and deny or explain.'" The Supreme Court reversed the conviction on the ground that "the Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." Id. at 615.[5]

However, in United States v. Robinson, 485 U.S. 25, 32 (1988), the Supreme Court limited Griffin. In Robinson, the Supreme Court held that the prosecutor's statement during summation that the defendant could have explained to the jury his story did not violate the right

___

[5] See also Baxter v. Palmigiano, 425 U.S. 308, 319 (1976) ("Griffin prohibits the judge and prosecutor from suggesting to the jury that it may treat the defendant's silence as substantive evidence of guilt").

against self-incrimination where the prosecutor was responding to an argument made by defense

counsel. Robinson, 485 U.S. at 32. Specifically, the Court held:

> Where the prosecutor on his own initiative asks the jury to draw an
> adverse inference from a defendant's silence, Griffin holds that the
> privilege against compulsory self-incrimination is violated. But
> where as in this case the prosecutor's reference to the defendant's
> opportunity to testify is a fair response to a claim made by
> defendant or his counsel, we think there is no violation of the
> privilege.

Robinson, 485 U.S. at 32.[6]

This Court concludes that the adjudication of Petitioner's Fifth Amendment claim by the

New Jersey courts did not result in a decision that was contrary to or involved an unreasonable

application of United States v. Robinson, 485 U.S. at 32. Petitioner is therefore not entitled to

habeas relief on Ground Three.

C.  Admission of Testimony

In Ground Four, Petitioner asserts that the admission of the testimony of Ms. Henry, the

victim's cousin, violated due process because the witness lacked personal knowledge.

Specifically, Petitioner asserts:

> Ground Four: Defendant constitution was violated when trial
> courts allowed inculpatory testimony by a witness with no personal
> knowledge of the fact. Counsel never objected showing his
> ineffectiveness again.
>
> Supporting FACTS: The courts allowed Ms. Henry to testify in a
> case that she wasn't a witness to. She did not observe the
> defendant and arresting officer never saw her. She had no personal
> knowledge of the case.

---

[6] See also United States v. Isaac, 134 F.3d 199, 206-07 (3d Cir. 1998) ("when the
defendant uses his Griffin protection as a sword, rather than a shield, the prosecution may
respond appropriately").

(Pet. ¶ 12.D.)

The admissibility of evidence is a question of state law which is not cognizable under

habeas review.  See Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas

court, however, cannot decide whether the evidence in question was properly allowed under the

state law of evidence"); Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) ("As to the contention

that the trial court erred in admitting the victim's testimony of a prior flirtatious conversation, we

find that, if there was any error in the court's ruling . . . that error was at best one of interpretation

of the state's law of evidence and did not arise to constitutional dimensions").  Because the

admission of Ms. Henry's testimony did not violate clearly established federal law, as determined

by the Supreme Court, Petitioner is not entitled to habeas relief under Ground Four.

D.  Ineffective Assistance of Counsel

In Grounds One, Two, and Four, Petitioner cites three instances of deficient performance

by defense counsel, i.e., counsel's failure to adequately investigate the alibi defense prior to

presenting the defense; counsel's failure to object to the admission of out-of-court identification

testimony without requesting a limiting instruction; and counsel's failure to object to the

testimony of Ms. Henry.  The grounds are set forth below:

> Ground One:  Petitioner was denied his constitutional right of the
> effective assistance of counsel by trial counsel failed to
> communicate with Defendant with respect to his alibi defense, and
> numerous other instances.
>
> Supporting FACTS:  Counsel never investigated his alibi defense
> and failed to speak with alibi but chose to open with a alibi defense
> when there wasn't an[] alibi.  [H]e put a witness on the stand not
> knowing what her statement would be & she didn't give alibi.

11

> Ground Two:  Petitioner was denied due process when trial court admitted out of court identification evidence without properly instructing the jury on the law of out-of-court identification. Counsel failed to object.
>
> Ground Four:  Defendant constitution was violated when trial courts allowed inculpatory testimony by a witness with no personal knowledge of the fact.  Counsel never objected showing his ineffectiveness again.

(Pet. ¶ 12.A., 12.B., 12.D.)

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. Strickland, 466 U.S. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.  To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id.  To satisfy the second prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

12

In this case, Petitioner presented the deficiencies which he asserts here to the Law

Division on post conviction relief.  After conducting an evidentiary hearing, the Law Division

rejected all of Petitioner's claims, except the court granted post conviction relief on the ground

that counsel was constitutionally ineffective in failing to interview the alibi witness referred to in

the opening statement prior to presenting her testimony.  The Appellate Division granted the

State's motion for leave to appeal and reversed in a published opinion.  See State v. Banks, 349

N.J. Super. 234 (App. Div. 2001).  After reviewing the standard under Strickland, the court

rejected the ineffective assistance claim:

> Here, we agree that defendant's counsel should have interviewed
> Caldwell prior to having her testify, but cannot conclude that the
> result of defendant's trial would have been different had counsel
> conducted such an interview . . . .  We are satisfied that, had
> counsel interviewed Caldwell prior to trial, he would have learned
> then what she ultimately testified to during her direct and re-direct
> testimony.  An interview that revealed what Caldwell testified to
> on those two occasions would not have caused counsel to forego
> using her as a witness.  Moreover, we doubt that counsel's opinion
> statement would have been different based on the interview in that
> Caldwell, at least inferentially, placed defendant at a different
> location at around the time of the robbery . . . .  Given the
> circumstances from a defense perspective, particularly that only
> defendant and Caldwell knew about defendant's whereabouts
> around the time of the robbery, we cannot conclude that counsel's
> reliance on defendant's representations about an alibi constitutes
> ineffective assistance of counsel.

Id. at 245-47.

Petitioner is not entitled to habeas relief based on the alleged deficient performance of

trial counsel because the New Jersey courts' adjudication of the claim did not result in a decision

that was contrary to, or involved an unreasonable application of Strickland or other Supreme

Court holdings.

13

E.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


DENNIS M. CAVANAUGH, U.S.D.J.


DATED: _____, 2005